## MARQUETTE NATIONAL BANK v. E. J. STEARNS and Others.[1]

June 3, 1910.

Nos. 16,691—(134).

**Renewal of promissory notes.**

Defendants made several promissory notes in payment of certain lumber by them purchased from the payee, payable at intervals of sixty and ninety days, and to be paid, according to the terms of the contract of purchase, as the lumber was shipped by the payee pursuant to defendants' directions. The contract provided that, if sufficient lumber had not been shipped to cover the notes as they fell due, defendants were entitled to a renewal thereof until the lumber should be shipped. *Held* that, to entitle defendants to a renewal of the notes and an extension of the time of payment, the burden was upon them to prove a breach of the contract by the lumber company and a failure on its part to ship out the lumber within the time fixed by the contract, and, further, no breach of the contract in this respect having been shown, that a verdict was properly directed for plaintiff.

Action in the district court for Hennepin county against E. J. Stearns and three others to recover $13,000 upon three promissory notes. The facts are stated in the opinion. The case was tried before Brooks, J., who directed a verdict in favor of plaintiff for $14,223.16. Judge Brooks having resigned, defendants' motion for a new trial was heard and denied by Hale, J. From the order denying the motion, defendants appealed. Affirmed.

*Hall & Kolliner* and *Melville & Murphy,* for appellants.
*Van Derlip & Lum* and *Ball & Ball,* for respondent.

BROWN, J.

Action to recover upon several promissory notes, in which the trial court directed a verdict for plaintiff, and defendants appealed from an order denying a new trial.

[1] Reported in 126 N. W. 726.

It appears from the record that on December 18, 1907, the Northern Lumber Company, a corporation, entered into a contract with defendants by the terms of which it agreed to sell and deliver to defendants a large quantity of lumber, in payment of which defendants made and delivered, with others, the promissory notes in suit. The notes were due and payable at intervals of sixty and ninety days, and were to be paid, according to the terms of the contract, as the lumber was shipped out of the company's yards. In this respect the contract, which was entered into simultaneously with the execution of the notes and was a part of the transaction, provided "that, in the event there is not sufficient lumber shipped to cover the notes as they fall due, the same will be renewed until there has been sufficient lumber shipped, sixty days to pay same. * * * Shipments to commence promptly and to be pushed with reasonable expedition, and all to be shipped before June 1, 1908."

The notes involved in this action were renewals of those given when the contract was entered into, and before their maturity were transferred to plaintiff in this action in the usual course of business and for a valuable consideration. The defense interposed by defendants is that plaintiff, at the time it became the owner of the notes, knew of the terms and provisions of the contract under which they were given, and is therefore not a bona fide holder, and, further, that the Northern Lumber Company has not shipped the lumber for which the notes were given in payment, as required by the terms of the written contract, in a quantity equal to the amount due upon the notes, and therefore that defendants are entitled to a renewal thereof until such time as the lumber shall be shipped.

Defendants contend that the contract forming the consideration of the notes was an executory sale of the lumber, and that payment of the notes was conditioned by its terms upon the delivery of the lumber to them. Whether the contract was executory or executed we need not determine, for it is clear, in any event, that, properly construed, defendants had the privilege of insisting upon a renewal of the notes, if at their maturity a quantity of lumber equal to the amount due on the notes had not been loaded and shipped from the yards of the lumber company. This was the most they

could claim, whether the contract be construed as executory or an executed sale of the lumber; and, so construing it, the sole question presented is whether the right to insist on a renewal has been shown. Prima facie the notes were due and payable at the time stated in each, and if the lumber company has failed for any reason to ship the lumber the burden to show the fact was upon defendants, in order that they might be in position to demand or insist on a renewal or extension of the time of payment. The contract provided that all lumber should be shipped before June 1, 1908, but it does not provide to whom or where. The evidence, however, discloses that defendants directed its shipment from time to time to various persons to whom it had made sales. But there is a total lack of evidence tending to show that defendants had directed where to ship the balance on hand at the time of or before the maturity of the notes in suit, or the day fixed by the contract when all the lumber should be shipped out, viz., June 1, 1908. Nor was it shown that the lumber company had refused compliance with the contract in this respect, or had refused to deliver lumber to the defendants for shipment pursuant to their directions. In view of this situation, it is clear that defendants failed to show themselves entitled to further delay in the payment of these obligations. They established no breach of the contract by the lumber company, and, having failed to do so, the court rightly directed a verdict for plaintiff. In view of this conclusion, it is immaterial whether the plaintiff is a bona fide holder of the notes, within the meaning of the law; the defendants having presented no defense to the action.

Order affirmed.